The People of the State of New York ex rel. Wesley Guidry, Relator, against Thomas McDonnell, as Warden of the Penitentiary of the City of New York, Defendant.

Supreme Court, Special Term, Bronx County, November 15, 1951.

*Wesley Guidry,* relator in person.

*George B. De Luca, District Attorney (John B. Lee* of counsel), for defendant.

Hammer, J. This is a habeas corpus proceeding in which the relator seeks his release from the New York City Penitentiary.

The inmate was committed to the penitentiary by the County Court of the County of Kings on February 18, 1948, pursuant to article 7-A of the Correction Law. There is an indorsement on the judgment, as required by section 2193 of the Penal Law, to the effect that the inmate was confined 182 days prior to sentencing. The inmate seeks credit for the time confined prior to the sentence committing him to the penitentiary.

It is to be observed from a reading of section 2193 of the Penal Law that the time spent in prison or jail before sentence is to " be deducted from the term of such sentence in addition to other allowances of time provided for by article nine of the correction law ". There is no reference in that section to persons committed to the penitentiary under article 7-A of the Correction Law.

This court has had occasion to pass upon this question in *People ex rel. Montana* v. *McGee* (16 N. Y. S. 2d 162). There it appeared that the inmate, whose term at most should have been

three years, would serve approximately five and a half years in prison. Nevertheless, the court felt bound by the decisions of our appellate courts and reluctantly held that the time served in prison awaiting trial had no application to a prisoner's sentence under the Parole Commission Act (Correction Law, art. 7-A). It was suggested that the Legislature might well give attention to the matters presented. The Legislature has not seen fit to act.

The writ is dismissed and the inmate is remanded.